## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER CROWLEY, et al.**                    **CIVIL ACTION**

**VERSUS**                                          **CASE NO. 14-172**

**PAINT & BODY EXPERTS OF SLIDELL, INC.**          **SECTION: "G" (1)**

### ORDER AND REASONS

Plaintiffs Christopher Crowley and Dempsey Brown filed this collective action pursuant to the Fair Labor Standards Act ("FLSA"), alleging that Defendant Paint & Body Experts of Slidell, Inc. failed to pay them the minimum wage and overtime. This litigation has assumed a unique procedural posture as Plaintiff Crowley has purportedly disavowed his desire to continue pursing his claims. Further complicating the case, defense counsel attempted to file a motion to dismiss on behalf of Crowley, even though Crowley continues to be represented by counsel, and plaintiffs' counsel have suggested that Defendant and defense counsel have been improperly coercing Crowley to abandon this suit.

Before the Court are Plaintiffs' "Motion to Conditionally Certify General Employee FLSA Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b)"[1] and "Motion to Conditionally Certify Halfway House Employee FLSA Collective Action and Facilitate Notice Under 29 U.S.C.

---

[1] Rec. Doc. 10.

§ 216(b)."[2] Having considered the pending motions, the memoranda in support, the lack of opposition,[3] the record, and the applicable law, the Court will deny the motions.

Also before the Court is Plaintiffs' "Request for Expedited Signing of Order on Motions for Conditional Certification of Collective Actions Classes."[4] Considering that the Court will deny the motions for conditional certification, the Court will also deny the request for expedited signing.

Finally, before the Court are a "Motions to Withdraw as Attorney"[5] and a "Motion to Withdraw as Counsel of Record for Christopher Crowley and Motion Regarding Implications of Motion to Dismiss His Claims"[6] filed by Mary Bubbett Jackson and Jody Forester Jackson, counsel for Plaintiffs. The Court will grant counsels' request to withdraw from their representation of Crowley but will deny the motions to the extent that they request any other relief.

## I. BACKGROUND

### A.    Factual Background

Plaintiffs Christopher Crowley and Dempsey Brown, Jr. bring this FLSA collective action on behalf of individuals who previously worked or currently work for Defendant Paint & Body Experts of Slidell, Inc.

---

[2] Rec. Doc. 11.

[3] On March 3, 2014, Plaintiffs filed the pending "Motion to Conditionally Certify General Employee FLSA Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b)" and "Motion to Conditionally Certify Halfway House Employee FLSA Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b)." The motions for certification were noticed for submission on March 19, 2014; no opposition was filed. On April 10, 2014, Plaintiffs filed a "Motion to Expedite Signing of Unopposed Motions for Conditional Certification of Collective Classes." On April 11, 2015, Defendant filed an opposition to various motions, including the motion to expedite, asserting that "it would not be appropriate to grant the plaintiffs' request that a collective action be certified." During an April 15, 2013 status conference, however, defense counsel stated that he did not oppose the Court conditionally certifying the General Employee or the Halfway House Employee Collection Actions.

[4] Rec. Doc. 30.

[5] Rec. Doc. 28.

[6] Rec. Doc. 35.

Christopher Crowley was formerly employed as a body mechanic by Defendant Paint & Body Experts of Slidell, Inc.[7] From February 2010 to December 2011, Crowley was employed through a transitional work program at a Slidell halfway house, and from January 2012 through July 2013, Crowley worked as a regular employee.[8] Crowley alleges that while he was employed through the halfway house, he was not paid overtime or the minimum wage, and that while he worked as a regular employee, he was not paid overtime.[9] Additionally, Crowley claims that in July 2013, he was terminated for filing a workers' compensation claim and was not paid all of his final pay.[10]

Plaintiff Dempsey Brown, Jr. was employed as a body mechanic by Defendant Paint & Body Experts of Slidell, Inc. from 2006 to 2011.[11] He alleges that he was not paid overtime.[12]

**B.    Procedural Background**

Plaintiffs bring this action as a FLSA collective action on behalf of two collective classes: (1) the "Halfway House Employee FLSA Collective Plaintiffs," and  (2) the "General Employee FLSA Collective Plaintiffs."[13] The Complaint alleges that Crowley is a representative of the first class,[14] and that both Crowley and Brown are representatives of the second class.[15] Additionally, Crowley asserts individual claims under Louisiana Revised Statute § 23:1361, which prohibits an

---

[7] *Id.* at ¶ 4.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at ¶ 5.

[12] *Id.*

[13] *Id.* at ¶ 6.

[14] *Id.* at ¶ 7.

[15] *Id.* at ¶ 10.

employer from terminating an employee on the basis of a workers' compensation claim,[16] and Louisiana Revised Statute § 23:631, which is the Louisiana Final Wage Payment Act.[17] Finally, Crowley brings an individual claim for conversion, alleging that "Defendant, without justification, expropriated Plaintiff Crowley's tools and tool box and has refused to return these items to Plaintiff Crowley."[18]

On January 22, 2014, Plaintiffs filed the complaint in this matter.[19] On March 3, 2014, Plaintiffs filed the pending "Motion to Conditionally Certify General Employee FLSA Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b)"[20] and "Motion to Conditionally Certify Halfway House Employee FLSA Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b)."[21] The motions for certification were noticed for submission on March 19, 2014; no opposition was filed.

On April 9, 2014, Ben Clayton, counsel for Defendant, filed a "Motion to Dismiss" on behalf of Plaintiff Crowley.[22] The motion, signed by Crowley as "*pro se* plaintiff," represented that "I desire to voluntarily dismiss my suit . . . ."[23] Further, it stated: "This date, of my own free will, act and initiative, without coercion by any person, I have discharged from employment my attorneys

---

[16] *Id.* at ¶¶ 85–88.

[17] *Id.* at ¶¶ 89–94.

[18] *Id.* at ¶¶ 95–100.

[19] *Id.*

[20] Rec. Doc. 10.

[21] Rec. Doc. 11.

[22] Rec. Doc. 26.

[23] *Id.* at ¶ 1.

in this matter, Jody Forester Jackson, Mary Bubbett Jackson, and the law firm of Jackson + Jackson."[24] The motion was marked deficient by the clerk's office, which noted that "[t]he plaintiff is still represented by his attorneys of record until they are officially withdrawn from the case" and that "opposing counsel cannot file on behalf of a party they do not represent."

One day later, on April 10, 2014, Mary Bubbett Jackson and Jody Forester Jackson, counsel for Plaintiffs, filed four pleadings. First, they filed a "Motion to Withdraw as Attorney" regarding Plaintiff Crowley only.[25] As an exhibit to the motion, counsel attached an ostensibly notarized handwritten note, dated April 9, 2014, from Christopher Crowley to Jody Jackson, stating: "Jody per our conversation on 4-9-14 I wish to cancel my contract with Jackson and Jackson against Paint and Body Experts of Slidell LA for personal reasons."[26] Also attached as an exhibit was an email dated April 10, 2014 from Ben Clayton to Jody Jackson.[27] In the email, Mr. Clayton requested that Ms. Jackson and Mr. Jackson withdraw and asserted: "I will wait 24 hours to see that this request has been honored or not. If not honored within that time frame, appropriate legal action will become necessary."[28]

Second, counsel filed a "Notice of Claims of Attorneys' Fees and Costs/Charging Lien," giving notice to Mr. Clayton and Crowley that Plaintiffs' counsel are filing a lien for attorneys' fees, costs, and expenses.[29]

---

[24] *Id.* at ¶ 2.

[25] Rec. Doc. 28.

[26] Rec. Doc. 28-1.

[27] Rec. Doc. 28-2.

[28] *Id.*

[29] Rec. Doc. 29.

Third, Ms. Jackson and Mr. Jackson, on behalf of Plaintiff Brown, filed a "Motion to Expedite Signing of Unopposed Motions for Conditional Certification of Collective Classes."[30]

Finally, also on behalf of Mr. Brown, counsel filed a "Motion for Protective Order,"[31] which was referred to the Magistrate Judge. In the motion, Plaintiff requested a protective order "prohibiting Defendant, Paint & Body Experts of Slidell, Inc. and its attorneys from contacting Mr. Brown or any member or potential member of the Halfway House Employee FLSA Collective Class and/or the General Employee FLSA Collective Class for the purpose of extorting, intimidating, harassing, threatening or otherwise retaliating or threatening to retaliate against them if they participate in the instant litigation."[32] Plaintiff also asked for a protective order "prohibiting counsel for Defendants to engage [sic.] in ex parte communications with any Plaintiffs, including offering legal advice or filing motions on their behalf."[33] Plaintiff claimed that "Defendants with their attorney's full knowledge and apparent participation, have engaged in a pattern of extortion, threats and harassment of named and potential plaintiffs in an effort to coerce them to either not opt in to this litigation or dismiss their claims, including threatening them with incarceration if they make any effort to recover unpaid wages."[34] Characterizing defense counsel's behavior as a "gross deviation from all acceptable ethical conduct," Plaintiff also requested the "award of attorneys' fees and costs" as "appropriate to deter Defendant or its agents or legal counsel from engaging in or permitting

---

[30] Rec. Doc. 30.

[31] Rec. Doc. 31.

[32] *Id.*

[33] *Id.*

[34] Rec. Doc. 31-1 at pp. 1–2.

further harassment and intimidation."[35] As an exhibit to his motion, Plaintiff included a recording of an alleged attempt by Defendant to extort Crowley.[36]

On April 11, 2015, Defendant filed a response to the motion to withdraw, the motion to expedite, and the motion for protective order.[37] With respect to the motion to expedite, Defendant averred that "it would not be appropriate to grant the plaintiffs' request that a collective action be certified."[38]

The Court held a status conference on April 15, 2013. At the conference, defense counsel stated that he did not oppose the Court conditionally certifying the General Employee or the Halfway House Employee Collection Actions.[39] The Court instructed Plaintiffs' counsel to provide briefing on "counsel's ability to withdraw when they represent a named plaintiff in a FLSA action, whether a named plaintiff in a FLSA action can have his claims dismissed without a court-approved settlement, whether another party can be substituted for the named plaintiff, and any proposed resolution to the unique set of issues generated by the above-captioned matter."[40]

On April 29, 2014, Ms. Jackson and Mr. Jackson filed an additional "Motion to Withdraw as Counsel of Record for Christopher Crowley and Motion Regarding Legal Implications of Motion

---

[35] *Id.* at p. 12.

[36] Rec. Doc. 31-2.

[37] Rec. Doc. 33.

[38] Rec. Doc. 33 at p. 7.

[39] Rec. Doc. 34.

[40] *Id.* The Court also allowed Defendant to file a response to any pleading filed by Plaintiffs.

to Dismiss His Claims."[41] Defendant filed a response on May 6, 2014.[42] With leave of the Court, Ms. Jackson and Mr. Jackson filed a reply on May 14, 2014.[43]

On May 1, 2014, the Magistrate Judge granted Plaintiffs' motion for a protective order in part and denied the motion in part.[44] The Magistrate Judge issued a protective order providing that "Paint & Body Experts of Slidell, Inc., its directors, officers, agents, and its counsel, including Ben E. Clayton, are prohibited from contacting Dempsey Brown or any other represented party, including class representatives or putative class members, on any matter in any way related to this action."[45] However, the Magistrate Judge denied Plaintiffs' request for sanctions.[46]

## II. MOTIONS FOR CONDITIONAL CERTIFICATION

### A.  Standard for Conditional Certification

FLSA sets forth requirements for minimum wage, overtime pay, and record keeping for certain employees who are not exempt because they hold executive, administrative, or professional positions.[47]  The Act also creates a private right of action for employees when these rights are violated.[48]  Under § 216(b) of FLSA, one or more employees can pursue a collective action in a

---

[41] Rec. Doc. 35.

[42] Rec. Doc. 38.

[43] Rec. Doc. 41.

[44] Rec. Doc. 37.

[45] *Id.*

[46] *Id.*

[47]  29 U.S.C. §§ 206(a)(1), 207(a)(1), 213(a)(1).  The employer bears the burden of proving the applicability of an exemption.  *Corning Glass Works v. Brennan*, 417 U.S. 188, 197 (1974).

[48] 29 U.S.C. § 216(b).

representative capacity on behalf of similarly situated employees.[49]  There are two requirements to proceed as a representative action: (1) all plaintiffs must be "similarly situated;"and (2) a plaintiff must consent in writing to take part in the suit. This latter requirement means that a representative action follows an "opt-in" rather than an "opt-out" procedure.[50]

FLSA does not define the requirements for employees to be deemed "similarly situated." Instead, a two-step method is routinely utilized, which was originally articulated in *Lusardi v. Xerox Corporation*,[51] and described in detail by the Fifth Circuit in *Mooney v. Aramco Services, Co.*[52] Under this approach, a court first determines at the "notice stage" whether notice should be given to potential members of the collective action, and this determination is usually made on the basis of "only . . . the pleadings and any affidavits."[53]  Because the court typically has little evidence at this stage, the determination of conditional certification "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."[54]  Generally, courts do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" and only a modest factual basis is required.[55] Although this is

---

[49] "An action to recover the liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." *Id.*

[50] *See Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

[51] 118 F.R.D. 351 (D.N.J. 1987).

[52] 54 F.3d at 1213–14.

[53] *See id.*

[54] *Id.* at 1214.

[55] *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).

a lenient standard, "general allegations that the employer violated the FLSA are insufficient."[56]  A showing that employees are similarly situated "entails more than just a matching of job responsibilities," as the requirement "ensures that the collective action promotes the 'efficient resolution of common issues of law and fact arising from the same alleged discriminatory activity.'"[57] Thus, "[a] court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice."[58] Even where a motion for conditional certification is unopposed, courts still evaluate whether plaintiffs have met the required standard.[59]

A number of district courts, particularly in the Southern District of Texas, have conducted this "notice stage" evaluation by considering three factors: (1) whether Plaintiffs have demonstrated a reasonable basis for believing that aggrieved individuals exist, (2) whether those aggrieved

---

[56] *Melson v. Directech Southwest, Inc.*, No. 07-1087, 2008 WL 258988, at *4 (E.D. La. June 25, 2008) (Feldman, J.).

[57] *Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 119 (D.D.C. 2004) (quoting *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (U.S. 1989)); *see also Melson*, 2008 WL 258988, at *4 (quoting *Hunter*).

[58] *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005) (Polozola, J.); *see also Xavier v. Belfor USA Group, Inc.*, 585 F. Supp. 2d 873, 877 (E.D. La. 2008) (Zainey, J.) (quoting *England*).

[59] *See, e.g.*, *Perez v. City of New Orleans*, No. 12-2280, 2014 WL 1365955, at *1–*2 (E.D. La. Apr. 7, 2014) (Barbier, J.) (evaluating unopposed motion to conditionally certify class and finding that Plaintiffs had demonstrated that members of the prospective class were similarly situated and that action arose from a generally applicable rule, policy, or practice); *Jimenez v. Chicago Soccer, Inc.*, No. 13-7462, 2014 WL 274149, at *2–*3 (N.D. Ill. Jan. 24, 2014) (evaluating unopposed motion for conditional certification and finding that "Plaintiff has made the minimal 'modest factual showing' sufficient to carry him past the first stage of the conditional certification process"); *Juvera v. Salcido*, 294 F.R.D. 516, 520 (D. Ariz. 2013) (granting unopposed motion for conditional certification where "Plaintiffs' pleadings and declarations support their assertion that the named Plaintiffs and members of the collective action group are or were all employed as cashiers at Factory Sales stores in Arizona and that they were all subject to the same policies of requiring reimbursement or being charged for cash shortages, uniforms, and security tags, which had the result of reducing their pay below the minimum wage); *Lane v. Atlas Roofing Corp.*, No. 11-4066, 2012 WL 2862462, at *2 (C.D. Ill. July 11, 2012) (evaluating unopposed motion for conditional certification and finding that Plaintiffs had met burden where they "submitted affidavits from five employees, each stating that the employee was not paid for work performed during unpaid lunch breaks and that the employee was told to remain on the company premises during those lunch breaks").

individuals are similarly situated to Plaintiffs, and (3) whether those individuals desire to opt-in to this lawsuit.[60]

Only those employees who affirmatively "opt-in" to the suit are bound by a collective action under 29 U.S.C. § 216(b).[61]  Upon a showing that the employees are "similarly situated," the district court has the "discretion to implement the representative action procedure by facilitating notice to potential plaintiffs of their right to opt-into the action."[62]

If conditional certification is granted, the case then proceeds through discovery as a collective action to the "merits stage," at which time defendant may move for decertification.[63]  At that time, the court makes a factual determination as to whether there are similarly-situated employees, applying a three-factor test, considering: (1) the extent to which employment settings are similar or disparate; (2) the extent to which any of the employer's defenses are common or individualized; and (3) fairness and procedural considerations.[64]  Generally, the matter is less appropriate for certification when plaintiffs' job experiences are more dissimilar and when the employers' defenses are more individualized.  Although the Fifth Circuit has not specifically endorsed decertification in this manner, this two-step approach remains more common, and the Fifth

---

[60] *See, e.g.*, *Simmons v. T-Mobile*, 06-1820, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007); *Aguirre v. SBC Commc'n, Inc.*, 05-3198, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006).

[61] "[N]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).

[62] *See Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

[63] *Mooney*, 54 F.3d at 1214.

[64] *See, e.g.*, *Rousell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011) (per curiam) (affirming district court's denial of decertification where district court applied of the three-factor "similarly-situated" test); *Melson*, 2008 WL 258988, at *4 (describing *Lusardi* step two as a "factual determination"); *Kuperman v. ICF Int'l*, No. 08-565, 2008 WL 4809167, at *5 (E.D. La. Nov. 3, 2008) (Barbier, J.) (citing three-factor test).

Circuit has affirmed a district court's decertification decision based on the use of the *Lusardi* approach.[65]

The more lenient *Lusardi* approach is not the only recognized method for conditional collective action certification,[66] although it is the more common approach and routinely used by courts in this District.[67]   Moreover, this approach "is consistent with the Fifth Circuit's statements that there is a fundamental, irreconcilable difference between the class action described by Rule 23, Fed. R. Civ. P., and the collective action provided by FLSA."[68]   In both of their motions, Plaintiffs look to the *Lusardi* standard,[69] and as noted above, Defendant offers no opposition.   Accordingly, this Court will apply the *Lusardi* approach in determining whether this case is appropriate for collective action treatment.

---

[65] *Mooney*, 54 F.3d at 1215–16.

[66] In *Mooney*, the Fifth Circuit also discussed a second methodology referred to at the "*Shushan*" or "spurious class action" approach, in which the court conducts an inquiry similar to that outlined in Federal Rule of Civil Procedure 23.  *See Mooney*, 54 F.3d at 1214 (citing *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990)).  *Mooney* did not state which of the two procedures is the proper approach, although the "two stage" *Lusardi* approach is more commonly used by district courts.  The *Shushan* approach has been described as "more stringent" than the "two stage" approach.  *See, e.g.*, *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 670 (N.D. Tex. 2007).  Under the *Shushan* analysis, plaintiffs must prove the existence of a definable, manageable class, and that plaintiffs are proper representatives of the class.  This requires plaintiffs to provide individualized proof that the claims of every single opt-in plaintiff can be presented to a jury with some measure of efficiency.  *Shushan*, 132 F.R.D. at 268.

[67] *See, e.g.*, *Melson*, 2008 WL 258988 ("[I]t is clear that the two-step ad hoc *Lusardi* approach is the preferred method . . . ."; *Johnson v. Big Lots Stores, In.*, 561 F. Supp. 2d 567, 569 (E.D. La. 2008) (Vance, J.) (describing the *Lusardi* approach as the "prevailing method"); *Basco v. Wal-Mart Stores*, No. 00-3184, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004) (Duval, J.) ("Given the direction of the Tenth and Eleventh Circuits and the great weight of district court authority, a consensus has been reach on how section 216(b) cases should be evaluated. It is clear that the two-step ad hoc approach is the preferred method for making the similarly situated analysis . . . ."); *see also* 7B C. Wright & A. Miller, *Federal Practice & Procedure* § 1807 (3d ed. 2002) (stating that "most courts in collective actions follow a two-stage certification process").

[68] *Smith v. Servicemaster Holding Corp.*, No. 10-444, 2011 WL 4591088 (M.D. La. Sept. 30, 2011) (noting the important difference between opt-in and opt-out class actions) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)).

[69] *See* Rec. Doc. 10-1 at p. 6; Rec. Doc. 11-1 at p. 7.

**B.      Analysis**

**1.      General Employee FLSA Collective Class**

First, Plaintiffs request that the Court certify the "General Employee FLSA Collective Class," which they define as "[p]ersons who were retained by Paint & Body Experts of Slidell as body mechanics/technicians, but were not retained through the Slidell halfway house transitional work program, and who were not paid overtime."[70] Crowley has submitted an affidavit attesting that from January 2012 to July 2013, he "was required to work between 65–75 hours per week."[71] He further states that during this time, he "was paid $18.50 per hour by check for up to 40 hours per week, and then paid $20.00 in cash for each hour in excess of 40 per week."[72] According to Crowley, this policy was "applied generally to all Paint & Body Experts of Slidell, Inc. workers who were not retained through a Slidell halfway house transitional work program."[73]

Brown has also submitted an affidavit in support of conditional certification of the "General Employee FLSA Collective Class." Brown asserts that on a "typical day," he worked from 8:00 a.m. to 11:00 p.m., and that he "worked 6–7 days per week."[74] According to Brown, he "worked the same or substantially the same schedule from June 2006 through March 2012."[75] Brown attests that during this period he "was paid $12.50 per hour by check for up to 40 hours per week, and then paid $200.00 in cash, with no regard to whether that amount properly accounted for all overtime wages

---

[70] Rec. Doc. 10 at p. 2.

[71] Rec. Doc. 10-2 at ¶ 12.

[72] *Id.* at ¶ 13.

[73] *Id.* at ¶ 15.

[74] Rec. Doc. 10-3 at ¶ 5.

[75] *Id.* at ¶ 6.

owed."[76] Further, Brown contends that "I am aware that many other employees who were retained by paint & Body Experts of Slidell, Inc. as general employees . . . were subjected to the same policies and practices."[77]

With respect to the "General Employee FLSA Collective Class," Plaintiffs have not put forth "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[78] First, Crowley and Brown describe two different wage and overtime policies. Crowley asserts that he worked between 65 and 75 hours per week, that he was paid $18.50 per hour by check for up to 40 hours, and that he was paid $20.00 in cash for each hour in excess of 40.[79] Brown, however, worked from 8:00 a.m. to 11:00 p.m., 6 to 7 days a week—or, in hourly terms, 90 to 105 hours per week.[80] According to his affidavit, Brown was only paid $12.50 per hour by check for up to 40 hours—about 32% less than Crowley—and was then paid $200.00 in cash regardless of how many hours he worked over 40.[81] Although Crowley and Brown describe very different payment schemes, each claims to be "aware that many other employees who were retained by Paint & Body Experts of Slidell, Inc. as general employees . . . were subjected to the same policies and practices."[82]

---

[76] *Id.* at ¶ 7.

[77] *Id.* at ¶ 9.

[78] *Mooney*, 54 F.3d at 1214 n.8 (quoting *Sperling*, 118 F.R.D. at 407).

[79] Rec. Doc. 10-2 at ¶¶ 12–13.

[80] Rec. Doc. 10-3 at ¶ 5.

[81] *Id.* at ¶ 7.

[82] Rec. Doc. 10-2 at ¶ 15; Rec. Doc. 10-3 at ¶ 9.

Courts have found that employees were not subject to a common policy as required for FLSA collective action certification where employees were compensated for overtime in varying manners. For example, in *Fox v. Tyson Foods, Inc.*, the district court denied certification of a collective action of employees in chicken processing plants who alleged that Tyson Foods violated FLSA by not compensating them for time spent donning and doffing—putting on, taking off, cleaning, and stowing—safety and sanitary gear.[83] After denying certification, the court dismissed the claims of 161 employees who had filed consents to join the litigation; these employees subsequently filed a motion to intervene, which the district court also denied.[84] On appeal, the Eleventh Circuit reviewed the denial of the motion to intervene, not the denial of certification.[85] However, "when the district court denied the motion to intervene . . . the court relied in part on a factual finding from its denial of certification of a collective action . . . that Tyson did not have a single, company-wide policy about compensation for donning and doffing."[86] Thus, the Eleventh Circuit reviewed this finding under the doctrine of pendent appellate jurisdiction as "partial review of collective action order is necessary to ensure meaningful review of the denial of intervention."[87] The Eleventh Circuit held that "the district court did not clearly err when it found that Tyson did not have a single, company-wide policy about compensation for donning and doffing" where the compensation for donning and doffing, as well as the method of recording time, varied among and within Tyson plants.[88] For

---

[83] *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1300 (11th Cir. 2008).

[84] *Id.* at 1301.

[85] *Id.*

[86] *Id.*

[87] *Id.* at 1302.

[88] *Id.*

example, some employees "received five minutes of paid time during breaks to account for the time spent changing clothes and washing," while other employees were allowed "an extra five to eight minutes each morning for dressing time" by their supervisor.[89]

In addition to describing distinct compensation schemes, Plaintiffs define the class as "[p]ersons who were retained by Paint & Body Experts of Slidell" without proposing any temporal limit on when potential plaintiffs would have worked at Paint & Body Experts.[90] In their pleadings, Plaintiffs offer various dates for when the alleged FLSA violations occurred. For example, the Complaint asserts that Plaintiffs "bring this collective action on behalf of individuals who, since January 2011, previously worked or currently work for Paint & Body Experts of Slidell, Inc."[91] In their affidavits, Crowley states that he was not paid overtime as a general employee from January 2012 to July 2013,[92] while Brown asserts that he was not paid overtime from June 2006 through March 2012.[93]

Further, Plaintiffs do not provide affidavits from any other general employees of Paint & Body Experts beside Crowley and Brown; indeed, Plaintiffs fail even to name or specifically identify any individuals who were not paid overtime. Moreover, there is no suggestion anywhere in the record that other individuals desire to opt-in to this class. Other district courts have denied certification under these circumstances. For example, in *H & R Block, Ltd. v. Housden*, a court in the Eastern District of Texas denied conditional certification where the movants only submitted

---

[89] *Id.*

[90] Rec. Doc. 10 at p. 2.

[91] Rec. Doc. 1 at ¶ 1.

[92] Rec. Doc. 10-2 at ¶ 12.

[93] Rec. Doc. 10-3 at ¶ 5.

16

affidavits from the two named plaintiffs "which simply state that they believe other workers were discriminated against in similar ways."[94] Similarly, in *Stiles v. FFE Transportation Services, Inc.*, a court in the Northern District of Texas denied certification where the two named plaintiffs submitted affidavits claiming that "from my experience and conversations with other employees of FFE, I know that my colleagues . . . often worked in excess of 40 hours per week and were subject to the same compensation polices and procedures."[95] The Court explained its decision to deny certification, saying:

> The Court views both statements as vague, conclusory, and insufficient evidence of a single decision, policy, or plan infected by discrimination. Further, each declaration only lists four potential plaintiffs. None of these potential plaintiffs have submitted their own affidavits, nor is any indication provided of their desire to opt-in to the action.[96]

Finally, the Court notes that in cases where district courts have granted unopposed motions for conditional certification, plaintiffs have put forth a stronger showing than the Plaintiffs here. For example, in *Lane v. Atlas Roofing Corp.*, a court in the Central District of Illinois granted plaintiffs' unopposed motion where plaintiffs submitted "affidavits from five employees, each stating that the employee was not paid for work performed during the unpaid lunch breaks and that the employee was told to remain on the company premises during those lunch breaks."[97] The affidavits referred to "co-

---

[94] *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999).

[95] *Stiles v. FFE Transp. Serv., Inc.*, 09-1535, 2010 WL 935469 (N.D. Tex. Mar. 15, 2010).

[96] *Id.*; *see also Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 663, 669 (N.D. Tex. 2007) (denying certification where "Plaintiff has failed to identify potential plaintiffs other than one additional person who has filed notice with this Court"); *Simmons*, 2007 WL 210008, at *9 ("Simmons has not presented any admissible evidence that other current or former aggrieved T-Mobile SRSRs seek to participate as plaintiffs in this case. Simmons reliance on merely his own allegations that the putative class members exist and together were the victims of a single decision, policy, or plan is insufficient to meet his burden on this third criterion for conditional certification and notice.").

[97] *Lane*, 2012 WL 2862462, at *2.

workers" and "fellow employees" subject to the same policies and mentioned "'company-wide meetings' where management told employees that complaints regarding the lunch policies would result in termination."[98] Similarly, in *Juvera v. Salcido*, a court in the District of Arizona granted the plaintiff cashiers' unopposed motion where the pleadings and affidavits described specific "policies of requiring reimbursement or being charged for cash shortages, uniform, and security tags, which had the result of reducing their pay below the minimum wage."[99]

Although the standard for conditional certification is lenient, it is not automatic, even where the motion for conditional certification is unopposed. In this case, Plaintiffs have not shown potential class members are "similarly situated," as they fail to put forth "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[100] While both Plaintiffs describe potential violations of FLSA, they appear to have worked very different hours (Brown worked substantially more than Crowley), been paid at dissimilar rates (up to 40 hours, Brown made about 32% less than Crowley), and received overtime pay in different manners (Crowley was paid at $20.00 per hour while Brown received a lump sum of $200.00). Further, their allegations cover different time periods. Finally, Crowley and Brown have offered only conclusory assertions that other employees were subject to unlawful overtime policies and would desire to opt-in to this action. Considering that "general allegations that the employer violated the FLSA are insufficient,"[101] and that being "similarly situated" "entails more than just a matching of job

---

[98] *Id.*

[99] *Juvera*, 294 F.R.D. at 520; *cf. Jimenez*, 2014 WL 274149, at *3 (granting conditional certification where plaintiffs provided six affidavits describing defendants' alleged overtime-pay practice, but declining to approve plaintiffs' unopposed notice of collective action where the court was "troubled by Plaintiff's shifting definition of the proposed opt-in class as well as the breadth and temporal reach of the various definitions").

[100] *Mooney*, 54 F.3d at 1214 n.8 (quoting *Sperling*, 118 F.R.D. at 407).

[101] *Melson*, 2008 WL 258988, at *4.

responsibilities,"[102] the Court will deny conditional certification of the "General Employee FLSA Collective Class."

## 2. **"Halfway House Employee FLSA Collective Class"**

Second, Plaintiffs request that the Court certify the "Halfway House Employee FLSA Collective Class," which they define as: "[p]ersons who were retained by Paint & Body Experts of Slidell through a Slidell halfway house transitional work program as body mechanic/technicians who were not paid minimum wage or overtime wages."[103] Crowley has submitted an affidavit attesting that from February 2010 to December 2011, he worked for Defendant through a Slidell halfway house transitional work program.[104] According to Crowley, during this time, he was "required to work between 65–75 hours per week."[105] He further claims that "Defendant, per an agreement with the Slidell Halfway House, was contractually obligated to pay me a flat rate of $400, regardless of how many hours I worked."[106] Additionally, Crowley asserts that "[b]ased on my experience working for Defendant and my personal observations, I am aware that many other employees who were retained by Paint & Body Experts of Slidell, Inc. through a Slidell halfway house transitional work program were subjected to the same policies and practices described above."[107]

Plaintiffs' motion to conditionally certify the halfway house employees suffers from many of the same flaws as their motion to conditionally certify the general employees. First, Plaintiffs do

---

[102] *Hunter*, 346 F. Supp. 2d at 119 (quoting *Hoffman-LaRoche Inc.*); *see also Melson*, 2008 WL 258988, at *4 (quoting *Hunter*).

[103] Rec. Doc. 11 at p. 2.

[104] Rec. Doc. 11-2 at ¶ 3.

[105] *Id.* at ¶ 5.

[106] *Id.* at ¶ 8.

[107] *Id.* at ¶ 11.

not provide affidavits from any individuals employed through the halfway house transitional work program beside Crowley. Moreover, Plaintiffs fail even to name or specifically identify any individuals who may have been employed through the halfway house, and there is no suggestion anywhere in the record that other individuals desire to opt-in to this class. Additionally, Plaintiffs offer no temporal restriction on the proposed class. Plaintiffs would define the class as "[p]ersons who were retained by Paint & Body Experts of Slidell through a Slidell halfway house transitional work program as body mechanic/technicians who were not paid minimum wage or overtime wages."[108] However, Plaintiffs only offer allegations of unlawful minimum wage and overtime policies from February 2010 to December 2011. For these reasons, the Court will deny conditional certification of the "Halfway House Employee FLSA Collective Class."

### III. MOTIONS TO WITHDRAW

As discussed above, plaintiffs' counsel have filed two motions to withdraw. On April 10, 2014, counsel filed their first "Motion to Withdraw."[109] At an April 15, 2014 status conference, the Court requested additional briefing on counsels' motion to withdraw and any implication it might have for a collective action.[110] On April 29, 2014, plaintiffs' counsel filed a "Motion to Withdraw as Counsel of Record for Christopher Crowley and Motion Regarding Legal Implications of Motion to Dismiss His Claims."[111]

---

[108] Rec. Doc. 11 at p. 2.

[109] Rec. Doc. 28.

[110] Rec. Doc. 34.

[111] Rec. Doc. 35.

## A.    Parties' Arguments

### 1.    Plaintiffs' Counsels' Arguments in Support

Plaintiffs' counsel assert that they "should be allowed to withdraw from representing Mr. Crowley and to the extent his FLSA claims are dismissed, they should be dismissed without prejudice to his right to later opt-in to the pending collective action and without prejudice and with provisions in place to protect the rights of the putative opt-in class members."[112] According to counsel, "[n]othing prohibits counsel of record for a class or collective class from withdrawing from representing one, but not all, of the named plaintiffs while still representing the class, although the Court 'should be particularly circumspect in permitting counsel to withdraw from representing just a few plaintiffs in the context of a class action.'"[113] Further, counsel aver that "[c]ounsel who seek to withdraw from representing one or more of the named plaintiffs must show that the plaintiff in question had consented to the motion . . . or that there was a valid and compelling reason for the court to allow the withdrawal over objection."[114] Counsel also point out that Local Rule 83.2.11 requires that if new counsel is not substituted, "the motion to withdraw must contain the present address of the client and the client's telephone number if the client can be reached by telephone. The motion must be accompanied by a certificate of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made."[115]

---

[112] *Id.*

[113] Rec. Doc. 35-1 at p. 6 (quoting *Woodall v. Drake Hotel, Inc.*, 913 F.2d 447, 450 (7th Cir. 1990)).

[114] *Id.* (citing, *e.g.*, *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1088 (7th Cir. 1982); *Mekdeci v. Merrell Nat'l Lab.*, 711 F.2d 1510, 1520–21 (11th Cir. 1983)).

[115] *Id.* at p. 7.

According to counsel, "Mr. Crowley has failed to return undersigned counsel's telephone calls and has not picked up the certified letter undersigned counsel sent to him in accordance with Local Rule 83.2.11."[116] Further, counsel aver that "Mr. Crowley has made it plain that he currently does not desire to participate in these proceedings and undersigned counsel cannot adequately represent a client who will not cooperate with them in litigating his case."[117]

Regarding the path forward with respect to Crowley's claims, counsel assert that "currently, no motion to dismiss has been filed on Mr. Crowley's behalf, although, given his apparent desire to dismiss these claims, the issue of whether this FLSA claims can be dismissed is before the Court."[118] Citing the Supreme Court's decision in *Brooklyn Savings Bank v. O'Neil*,[119] counsel argue that "[a] settlement of an [sic.] FLSA claim not made under the supervision of the Department of Labor is valid if the court approves the parties' stipulated judgment and finds that the settlement was reasonable, negotiated at arms length and through counsel and reflects a fair resolution of the claims."[120] According to counsel, "[a] situation in which the plaintiff agrees to dismiss his FLSA claims without consulting his attorney, which provides no payment for unpaid wages or mandatory liquidated damages and which was confected after Defendant and/or its representatives threatened criminal prosecution of that plaintiff if he did not dismiss his claims is not a reasonable or fair resolution to a FLSA claim for unpaid wages."[121] Thus, counsel conclude that "dismissal of Mr.

---

[116] *Id.*

[117] *Id.* at p. 8.

[118] *Id.* at p. 9.

[119] 324 U.S. 697 (1945).

[120] *Id.* at p. 13.

[121] *Id.* at pp. 13–14.

Crowley's FLSA claims with prejudice when [sic.] no monetary remuneration is unreasonable and should not be approved or allowed."[122]

Addressing the claims of the proposed halfway house collective action plaintiffs, whom Crowley purported to represent, counsel acknowledge that "prior to certification, an appropriate settlement and dismissal of all of the named plaintiffs in a FLSA claim will result in the dismissal of the claims on behalf of the putative claims."[123] However, they maintain that "once a putative collective action is certified, any opt-in plaintiff may be substituted as the named plaintiff, should the named plaintiff be unable to continue representing the class."[124] Counsel propose that "[o]nce he is withdrawn as the FLSA class representative, Mr. Crowley's claims may be dismissed *without prejudice* to his right to later stand in the stead of any normal putative plaintiff, and, when this matter is ultimately resolved on behalf of the collective class, elect to collect his unpaid wages as an opt-in plaintiff if he so desires."[125] Alternatively, counsel suggest that "rather than certifying two separate classes, this Court has the option of certifying one collective class represented by Dempsey Brown that is comprised of 'Similarly situated persons who worked as body mechanics/technicians for Paint & Body Experts of Slidell, Inc. during the period of January 2011 to the present and who were not paid minimum wage and/or overtime as is mandated by the FLSA.'"[126] Under this option, counsel

---

[122] *Id.* at p. 14.

[123] *Id.*

[124] *Id.* at pp. 14–15 (citing *Thorn v. Bob Evans Farms, Inc.*, No. 12-768, 2013 WL 2456336 (S.D. Ohio June 6, 2013)).

[125] *Id.* at p. 16.

[126] *Id.* at pp. 16–17.

aver that Crowley's claims should be dismissed without prejudice to his right to participate as an opt-in plaintiff.[127]

### 2.    Defendant's Arguments in Response

In response, Defendant asserts that it "does not oppose the proposed withdrawal of opposing counsel from their representation of Mr. Crowley."[128]

With respect to Crowley's claims, Defendant avers that "some courts require that <u>settlement</u> of FLSA claims must be approved by either the court or by the United States Department of Labor (USDOL), but some do not have such a requirement. Some courts allow for private <u>settlements</u> that have not been approved by a court or the USDOL, and some do not."[129] However, Defendant maintains that "[t]his is noted, bearing in mind the fact that no <u>settlement</u> was entered into between CHRISTOPHER CROWLEY and PAINT & BODY EXPERTS OF SLIDELL, INC. Mr. Crowley unilaterally and unconditionally offered to dismiss his claims, and not in exchange for the payment of a sum of money or any thing of value."[130]

Defendant argues that given this context, "[t]he question becomes whether or not FRCP R. 41(a), in a FLSA claim, permits a plaintiff to voluntarily dismiss his claim without court approval or the court holding a 'fairness hearing,' as some courts require in reviewing and approving FLSA

---

[127] *Id.* at p. 17.

[128] Rec. Doc. 38 at p. 2.

[129] *Id.* at pp. 3–4 (emphasis in original) (citing, *e.g.*, *Martin v. Spring Break '83 Productions, LLC*, 797 F. Supp. 2d 719 (E.D. La. 2011) (Berrigan, J.)); *Picerni v. Bilingual Seit & Preschool, Inc.*, 925 F. Supp 2d 368 (E.D.N.Y. 2014)).

[130] *Id.* at p. 4 (emphasis in original).

settlements."[131] Citing *Appleby v. Hickman Construction, Inc.*,[132] a case from the Northern District of Florida, Defendant maintains that in a FLSA case, "if the parties wish to have the employee's case dismissed with prejudice, they must demonstrate that no compromise occurred or present the court with a proposed settlement for a review of whether it is reasonable and fair . . . ."[133] Where a FLSA claim is "particularly dubious," a dismissal with prejudice may be fair and reasonable.[134] According to Defendant, Crowley's claim is properly characterized as "particularly dubious," as witness affidavits "describe Mr. Crowley as doing drugs, selling drugs, offering to trade drugs for sex and engaging in other personal pursuits after 5 PM, while on the premises of the body shop owned by defendant, during which time Mr. Crowley claims to have been working for defendant."[135]

### 3.    Plaintiffs' Counsels' Arguments in Further Support

In their reply, counsel for Plaintiffs reiterate their position that "dismissal *without prejudice* is favored when the Court is considering extrajudicial resolution or early dismissal of a Plaintiff's Fair Labor Standards Act claims."[136]

## B.    Law and Analysis

Generally, Local Rule 83.2.11 provides that counsel may withdraw from a case upon a motion "contain[ing] the present address of the client and the client's telephone number if the client can be reached by telephone." Further, Local Rule 83.2.11 states that "[t]he motion must be accompanied

---

[131] *Id.*

[132] No. 12-237, 2013 WL 1197758 (N.D. Fla. Mar. 25, 2013).

[133] *Id.* at p. 5.

[134] *Id.*

[135] *Id.* at p. 6.

[136] Rec. Doc. 44 at p. 1.

by a certificate of service, including a statement that the client has been notified of all deadlines and pending court appearances, served on both the client by certified mail and opposing counsel, or an affidavit stating why service has not been made." Concerned that the standard set forth by Local Rule 83.2.11 may not account for any unique considerations present where counsel seek to withdraw from representing a named plaintiff in a proposed collective action, the Court requested briefing on this issue.[137] While neither party has cited—and the Court has not located—any Fifth Circuit case addressing the standard on a motion to withdraw in the context of a FLSA collective action, Plaintiffs' counsel have pointed to the Seventh Circuit's decision in *Woodall v. Drake Hotel, Inc.*[138] There, the court held in order to withdraw from representing two plaintiffs in a collective action of ninety plaintiffs, counsel "bore the burden of demonstrating that [plaintiffs] had consented to the motion or that there was a valid and compelling reason for the court to allow withdrawal over objection."[139]

In the above-captioned matter, Ms. Jackson and Mr. Jackson have complied with Local Rule 83.2.11 and have met the more exacting *Woodall* standard for withdrawal in a FLSA collective action. With respect to Local Rule 83.2.11, in their first motion to withdraw, Ms. Jackson and Mr. Jackson provided Crowley's last known address and telephone number, and further indicated that they had "notified Mr. Crowley via Certified Mail of all pending deadlines."[140] Although counsel have not provided any proof of service, in their second motion to withdraw, Ms. Jackson and Mr. Jackson have represented that "[t]o date, Mr. Crowley has failed to return undersigned counsel's

---

[137] *See* Rec. Doc. 34.

[138] 913 F.2d 447 (1990).

[139] *Id.* at 449–50 (internal citations omitted).

[140] Rec. Doc. 28.

telephone calls and has not picked up the certified letter undersigned counsel sent to him."[141] Looking at the *Woodall* standard, counsel have demonstrated that Crowley consents to the motion by providing a handwritten note indicating Crowley's desire "to cancel [his] contract with Jackson and Jackson against Paint and Body Experts of Slidell LA for personal reasons."[142] Additionally, counsel have provided valid and compelling reasons for allowing their withdrawal—namely, Crowley's continued refusal to communicate.[143]

In addition to requesting that they be allowed to withdraw as counsel for Crowley, Ms. Jackson's and Mr. Jackson's motion also discusses various options for addressing Crowley's FLSA claims. While Plaintiffs' counsel suggest that dismissal without prejudice is appropriate, Defendant avers that this Court should dismiss Crowley's claims with prejudice. As Plaintiffs' counsel acknowledge, "currently, no motion to dismiss has been filed on Mr. Crowley's behalf."[144] Given that there is no pending motion before the Court, and that the Court may not "rule on a hypothetical question [or] render an advisory opinion,"[145] the Court expresses no view on the matter at this time.

---

[141] Rec. Doc. 35-1 at p. 7.

[142] Rec. Doc. 28-1; *see also Madiedo v. Gerhardt*, No. 10-81173, 2011 WL 2789302, at *1 (S.D. Fla. July 15, 2011) (explaining that the court had granted counsel's motion to withdraw from representing plaintiff in a non-collective FLSA case where plaintiff filed her consent).

[143] *See, e.g.*, *Sims v. Hous. Auth. City of El Paso*, No. 10-109, 2012 WL 10862119, at *1 (W.D. Tex. Feb. 29, 2012) (noting that counsel had been allowed to withdraw from representation of two opt-in plaintiffs where "counsel has been unable to communicate with Plaintiffs Valles and Andrade even through Counsel has attempted to do so using varying means on multiple occasions"); *Da Luz v. Five Star Contractors, LLC*, No. 09-268 (S.D. Miss. Nov. 15, 2011) (granting counsel's motion to withdraw in a FLSA collective action "[g]iven the material breakdown of the attorney-client relationship"); *Luiken v. Domino's Pizza, LLC*, No. 09-516, 2009 WL 4723296, at *3 (D. Minn. Dec. 2, 2009) (granting counsel's motion to withdraw from representation of certain opt-in plaintiffs where "counsel has documented a complete breakdown in the attorney-client relationship).

[144] Rec. Doc. 35-1.

[145] *N.L.R.B. v. Gen. Cinema Corp.*, 526 F.2d 427, 429 (5th Cir. 1976) ("Article III of the Constitution prohibits the rendition of advisory opinions.").

## IV. CONCLUSION

The Court is cognizant that the two pending motions for conditional certification are unopposed and that the standard for conditional certification is lenient. However, with respect to the "General Employee FLSA Collective Class," Plaintiffs describe two very different overtime schemes, offer no temporal restriction on the class, and provide only conclusory statements that individuals other than Crowley and Brown were subjected to unlawful overtime practices. Further, with respect to the "Halfway House Employee FLSA Collective Class," Plaintiffs similarly offer no temporal restriction on the class, and provide only conclusory statements that individuals other than Crowley were subjected to unlawful minimum wage and overtime practices.

With respect to the motions to withdraw, counsel have complied with Local Rule 83.2.11. Further, they have demonstrated that Crowley consents to their motion and that there is a valid and compelling reason for their withdrawal. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Conditionally Certify General Employee FLSA Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b)"[146] is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion to Conditionally Certify Halfway House Employee FLSA Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b)"[147] is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' "Request for Expedited Signing of Order on Motions for Conditional Certification of Collective Actions Classes"[148] is **DENIED**;

---

[146] Rec. Doc. 10.

[147] Rec. Doc. 11.

[148] Rec. Doc. 30.

**IT IS FURTHER ORDERED** that Mary Bubbett Jackson's and Jody Forester Jackson's two Motions to Withdraw as Attorney[149] are **GRANTED IN PART** and counsel are permitted to withdraw from their representation of Christopher Crowley;

**IT IS FURTHER ORDERED** that Mary Bubbett Jackson's and Jody Forester Jackson's two Motions to Withdraw as Attorney[150] are **DENIED IN PART** to the extent that they request any additional relief.

**NEW ORLEANS, LOUISIANA**, this ___3rd___ day of June, 2014.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[149] Rec. Doc. 28; Rec. Doc. 35.

[150] Rec. Doc. 28; Rec. Doc. 35.

29